Allison L. Hollows, Esq.
**FOX ROTHSCHILD LLP**
Formed in the Commonwealth of Pennsylvania
Princeton Pike Corporate Center
997 Lenox Drive
Lawrenceville, NJ  08648-2311
Tel: (609) 896-3600
Fax: (609) 896-1469
ahollows@foxrothschild.com

Matthew C. Moschella, Esq.
(*to be admitted pro hac vice*)
**SHERIN AND LODGEN LLP**
101 Federal Street
Boston, MA 02110
Tel: (617) 646-2000
Fax: (617) 646-2222
mcmoschella@sherin.com

*Attorneys for Defendants,*
*Imperia Engineering Partners, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUSTIN DELOACH,<br><br>      Plaintiff,<br><br>      v.<br><br>IMPERIA ENGINEERING PARTNERS,<br>LLC,<br><br>      Defendant. | Civil Action No.: _____<br><br><br>**NOTICE OF REMOVAL** |

**TO:**   Clerk of the U.S. District Court for the District of New Jersey

Pursuant to 28 U.S.C. §§ 1332(a), 1441(b), and 1446, defendant Imperia Engineering

Partners, LLC, ("Imperia") by and through its counsel, Fox Rothschild LLP and Sherin and

Lodgen LLP, hereby files this Notice of Removal for the purpose of removing this action from

the Superior Court of New Jersey, Law Division - Civil, Burlington County, to the United States

District Court for the District of New Jersey. In support of removal, Imperia states the following:

## I.    PROCEDURAL BACKGROUND

1.    This action was commenced by plaintiff Justin DeLoach ("DeLoach") on January

18, 2021 in the Superior Court of New Jersey, Law Division-Civil, Burlington County (the

"State Court"), Docket No. BUR-L-000117-21, naming Imperia as the only defendant.

2.    Plaintiff served Imperia with the Summons and Complaint via certified mail by

sending a letter dated April 8, 2021.  (A copy of the Summons, Complaint and all other

documents filed in the State Court Action are annexed hereto as Exhibit 1).

3.    DeLoach's allegation arises out of his employment with Imperia.  DeLoach's

Complaint alleges that Imperia improperly terminated his employment on the basis of his race in

violation of New Jersey state law and seeks damages for the termination of such employment.

## II.    REMOVAL IS PROPER BASED ON DIVERSITY JURISDICTION

4.    This action is a civil action for which this Court has original jurisdiction under 28

U.S.C. § 1332 and is one that may be removed to this Court by the defendant pursuant to 28

U.S.C. § 1441.

5.    This Court has jurisdiction over this action under 28 U.S.C. § 1332 because (a)

the parties to this action are citizens of different states and (b) the amount in controversy exceeds

$75,000.

### A.  There Is Complete Diversity Between Plaintiff and Defendant

6.    As alleged in the Complaint, plaintiff is a citizen of Pennsylvania.

7.    Imperia is a limited liability company.  "[T]he citizenship of an LLC is

determined by the citizenship of its members." *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d

99, 105 (3d Cir. 2015) (complete diversity exists where all of an LLC's members are diverse from all parties on the opposing side) (internal citations and quotations omitted).  Here, none of Imperia's members are citizens of Pennsylvania.  Rather, Imperia's members are citizens of Delaware and California.

8.      Given that plaintiff is a citizen of Pennsylvania and no members of Imperia are citizens of Pennsylvania, there is complete diversity of citizenship between the parties.

   **B.   <u>The Amount In Controversy Exceeds $75,000</u>**

9.      As damages, plaintiff seeks in the Complaint, among other categories, compensatory damages; punitive damages; liquidated damages; emotional pain and suffering; reasonable attorneys' fees; recoverable costs; and pre and post judgment interest.

10.      As a Senior Electrical Engineer at Imperia, plaintiff's annual salary was $115,000. Given that plaintiff is seeking compensatory damages, which would potentially include back pay from the date of his termination until the date of judgment and also front pay until some future point, this category of damages alone satisfies the jurisdictional requirement.  Indeed, even only a back pay calculation from plaintiff's termination to date – which took place on or about November 25, 2019 (well over one year ago) – would exceed the jurisdictional requirement given that such amount would be at least $115,000.  When considering the full scope of damages plaintiff seeks, the statutory requirement of $75,000 is exceeded even more significantly.

11.      Given that plaintiff is seeking to recover more than $75,000, the statutory requirement of 28 U.S.C. § 1332 is satisfied.

III.   **VENUE**

12.     Removal to this Court is proper pursuant to 28 U.S.C. § 110 because it is the "district and division embracing the place where such action is pending," specifically in the District of New Jersey.  *See* 28 U.S.C. § 1441(a).

IV.   **DEFENDANT HAS SATISFIED 28 U.S.C. § 1446**

13.     Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal is accompanied by the attached Exhibit 1, which constitutes a copy of all processes, pleadings, and orders served upon defendant.

14.     As required by 28 U.S.C. § 1446(b), this Notice of Removal is being filed within thirty days after defendant first received a copy of the Summons and Complaint in the State Court Action.  As set forth above, Imperia was served with DeLoach's Complaint via certified mail in a letter dated April 8, 2021.  Therefore, the filing of this Notice of Removal on May 3, 2021 is timely.

V.   **NOTICE PROVIDED AND DEFENSES MAINTAINED**

15.     Pursuant to 28 U.S.C. § 1446(d), defendant will give written notice of this removal to plaintiff and shall file a copy of this Notice with the Clerk of the Superior Court of New Jersey, Burlington County Law Division and the State Court Action shall proceed no further.

16.     By filing this Notice of Removal, Imperia does not waive any objections it may have as to service, jurisdiction or venue, or any other defenses it may have to this action including but not limited to all defenses specified in Fed. R. Civ. P. 12 and any other defenses.

WHEREFORE, notice is hereby given that the action is removed from the Superior Court of New Jersey, Burlington County to the United States District Court for the District of New Jersey.

Respectfully submitted,

Dated: May 3, 2021          By:     /s/ Allison L. Hollows _____
                                    Allison L. Hollows, Esq.
                                    **FOX ROTHSCHILD LLP**
                                    Formed in the Commonwealth of Pennsylvania
                                    Princeton Pike Corporate Center
                                    997 Lenox Drive
                                    Lawrenceville, NJ  08648-2311
                                    Tel: (609) 896-3600
                                    Fax: (609) 896-1469
                                    ahollows@foxrothschild.com

                                    Matthew C. Moschella, Esq.
                                    (*to be admitted pro hac vice*)
                                    **SHERIN AND LODGEN LLP**
                                    101 Federal Street
                                    Boston, MA 02110
                                    Tel: (617) 646-2000
                                    Fax: (617) 646-2222
                                    mcmoschella@sherin.com

                                    *Attorneys for Defendants,*
                                    *Imperia Engineering Partners, LLC*

# Exhibit 1

# KOLLER LAW LLC

DAVID M. KOLLER                                        *LICENSED IN PENNSYLVANIA AND NEW JERSEY*

April 8, 2021

**Via Certified Mail Return Receipt Requested**
Imperia Engineering Partners
2 Advantage Court, 2nd Floor
Bordentown, NJ 08505

Re:   **Justin DeLoach v. Imperia Engineering Partners**
      **Superior Court of NJ, Burlington County Docket No.: BUR-L-000117-21**

Dear Mr. Blodgett:

Enclosed are a Summons and Complaint in the above captioned matter.

Please give these to your attorney at once.

An Answer must be filed with the Court within 35 days.

Very Truly Yours,
**KOLLER LAW, LLC**

David M. Koller, Esquire

Enclosures

2043 Locust Street, Suite 1B, Philadelphia, PA 19103
Telephone: 215-545-8917      Facsimile: 215-575-0826
davidk@kollerlawfirm.com

| | |
|---|---|
| Attorney(s)     David M. Koller, Esquire | **Superior Court of** |
| Office Address  Koller Law LLC | **New Jersey** |
| 2043 Locust Street, Suite 1-B | |
| Town, State, Zip Code  Philadelphia, PA 19103 | |
| Telephone Number     (215) 545-8917 | Burlington            COUNTY |
| Attorney(s) for Plaintiff   David M. Koller | Law                    DIVISION |

Docket No: BUR-L-000117-21

JUSTIN DELOACH

     Plaintiff(s)

Vs.

IMPERIA ENGINEERING PARTNERS

     Defendant(s)

**CIVIL ACTION
SUMMONS**

From The State of New Jersey To The Defendant(s) Named Above:

    The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135 and completed Case Information Statement) if you want the court to hear your defense.

    If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

    If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

Dated: 04/08/2021

                          /s/ Jennifer M. Perez
                            Jennifer M. Perez,
              Acting Clerk of the Superior Court

Name of Defendant to Be Served: Imperia Engineering Partners

Address of Defendant to Be Served: 2 Advantage Court, 2nd Floor, Bordentown, NJ 08505

NOTE: The Case Information Statement is available at http://www.njcourtsonline.com

**KOLLER LAW LLC**
David M. Koller, Esq. (037082002)                    *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com

## IN THE SUPERIOR COURT OF NEW JERSEY
## OF BURLINGTON COUNTY
## LAW DIVISION - CIVIL

| | | |
|---|---|---|
| **JUSTIN DeLOACH,** | : | **Civil Action No.** |
| **941 South Avenue, Apartment A31** | : | |
| **Secane, PA 19018** | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **Complaint and Jury Demand** |
| | : | |
| **IMPERIA ENGINEERING PARTNERS,** | : | |
| **2 Advantage Court, 2nd Floor** | : | |
| **Bordentown, NJ 08505** | : | |
| **Defendant.** | : | |

### CIVIL ACTION

Plaintiff, Justin DeLoach (hereinafter "Plaintiff"), by and through his attorney, Koller Law, LLC, bring this civil matter against Imperia Engineering Partners (hereinafter "Defendant"), for violations of the New Jersey Law Against Discrimination ("NJLAD"). In support thereof, Plaintiff avers as follows:

### THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, Imperia Engineering Partners is an engineering consultant with a location and headquarters located at 1 Advantage Court, Bordentown, NJ 08505.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and

employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. Jurisdiction and venue are proper in this Court as facts and circumstances that give rise to this Complaint occurred in the State of New Jersey, including in and around the County of Burlington, and Defendant is considered at home in the County of Burlington

## MATERIAL FACTS

8. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

9. Plaintiff is African American.

10. On September 23, 2019, Defendant hired Plaintiff in the position of Senior Electrical Substation Engineer.

11. Plaintiff was well qualified for his position and performed well.

12. At the start of his employment, Steve Cianelli (Caucasian), Program Manager, was overly critical of his work product and dismissive of his credentials.

2

13. However, Plaintiff and Mahiyan Chowdhury (Asian), Director of Power Delivery, regularly praised and complimented the two (2) Caucasian Electrical Substation Engineers about how much they wanted to learn.

14. However, when he asked questions or for assistance, Plaintiff was not given close to the same amount of attention as the Caucasian Electrical Substation Engineers.

15. On November 21, Plaintiff spoke with Mr. Chowdhury about different things Plaintiff wanted to learn and his performance in general.

16. Mr. Chowdhury informed Plaintiff to continue to develop and did not mention that his performance was deficient.

17. On November 25, 2019, Plaintiff met with Mr. Chowdhury and Kristine Kalinowski (Caucasian), Human Resource Manager, and was terminated.

18. Mr. Chowdhury alleged that Plaintiff's electrical engineering knowledge and performance were the reasons for his termination.

19. Previously, in October 2019, Defendant terminated an African American Designer, but placed the two (2) Caucasian Designers on a leave of absence, when work slowed.

20. It is Plaintiff's position that he was discriminated against due to his race in violation of the NJLAD.

## COUNT I – DISABILITY DISCRIMINATION
## NEW JERSEY LAW AGAINST DISCRIMINATION

21. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

22. Plaintiff is a member of protected classes in that he is African American.

23. Plaintiff was qualified to perform the job for which he was hired.

24. Plaintiff suffered adverse job actions, including, but not limited to termination.

25. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

26. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

27. Defendant discriminated against Plaintiff on the basis of race.

28. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

29. The reasons cited by Defendant for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Justin DeLoach, requests that the Court grant him the following relief against Defendant:

(a)  Compensatory damages;

(b)  Punitive damages;

(c)  Liquidated damages;

(d)  Emotional pain and suffering;

(e)  Reasonable attorneys' fees;

(f)  Recoverable costs;

(g)  Pre and post judgment interest;

(h)  An allowance to compensate for negative tax consequences;

(i)  A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or

participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the NJLAD.

(j)     Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k)     Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l)     Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder.

RESPECTFULLY SUBMITTED,

KOLLER LAW, LLC

Date: January 18, 2021          By:   */s/ David M. Koller*
                                      David M. Koller, Esquire (037082002)
                                      2043 Locust Street, Suite 1B
                                      Philadelphia, PA 19103
                                      215-545-8917
                                      davidk@kollerlawfirm.com

                                      *Counsel for Plaintiff*

5

# Civil Case Information Statement

**Case Details: BURLINGTON | Civil Part Docket# L-000117-21**

**Case Caption:** DELOACH JUSTIN VS IMPERIA ENGINEERING PARTNERS

**Case Initiation Date:** 01/18/2021

**Attorney Name:** DAVID M KOLLER

**Firm Name:** KOLLER LAW PC

**Address:** 2043 LOCUST ST STE 1B

PHILADELPHIA PA 19103

**Phone:** 2155458917

**Name of Party:** PLAINTIFF : DeLoach, Justin

**Name of Defendant's Primary Insurance Company** (if known): Unknown

**Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 12 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Justin DeLoach?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

01/18/2021
Dated

/s/ DAVID M KOLLER
Signed

BURLINGTON COUNTY
SUPERIOR COURT
49 RANCOCAS ROAD
MT HOLLY          NJ 08060
                              TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (609) 288-9500
COURT HOURS  8:30 AM - 4:30 PM

                    DATE:    JANUARY 18, 2021
                    RE:      DELOACH JUSTIN  VS IMPERIA ENGINEERING  PARTNERS
                    DOCKET: BUR L -000117 21

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

     DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON JAMES J. FERRELLI

      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     003
AT:  (609) 288-9500.

      IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
      PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                    ATTENTION:
                         ATT: DAVID M. KOLLER
                         KOLLER LAW PC
                         2043 LOCUST ST STE 1B
                         PHILADELPHIA     PA 19103

ECOURTS